# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GAWKER MEDIA, LLC                      *
210 Elizabeth Street                   *
New York, NY 10112                     *
                                       *
    And                      *
                                       *
JOHN COOK                              *
Gawker Media, LLC                      *
528 16th Street                        *
Brooklyn, NY 11215                     *
                                       *
    Plaintiffs                *
                                       *
v.                                     *          Civil Action No. 15-00363
                                       *
DEPARTMENT OF STATE                    *
2201 C Street, NW                      *
Washington, D.C. 20522                 *
                                       *
    Defendant.                *
                                       *
*    *    *    *    *    *    *    *    *    *    *    *

## <u>COMPLAINT</u>

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>et seq.</u>, <u>as amended</u>, for the disclosure of agency records memorializing e-mail communications between former Deputy Assistant Secretary of State Philippe Reines and representatives of the news media. The records were improperly withheld from plaintiffs Gawker Media, LLC and John Cook by the defendant Department of State, which initially claimed that no responsive records could be located until confronted with evidence that some e-mail communications that would qualify as responsive were already published online. Furthermore, evidence has since come to light demonstrating that both former Secretary of State Hillary Clinton and at least some of her senior aides had utilized

personal e-mail addresses, run through a private, non-U.S. Government server, to conduct official U.S. Government business. There is, at a minimum, enough publicly available evidence to warrant a rebuttable presumption this practice was designed to circumvent the Freedom of Information Act and deprive the American public of access to those records. It is time now for the defendant Department of State to do what it should have done two years ago— conduct a thorough and adequate search and provide plaintiffs Gawker Media, LLC and John Cook with the documents they requested.

## JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.   Plaintiff Gawker Media, LLC ("Gawker") is a publisher of news and entertainment websites, including Gawker.com, Deadspin.com, Gizmodo.com, and Jezebel.com. Gawker's total U.S. audience, spanning all of its websites, is over 70 million unique visitors per month. The total U.S. audience for Gawker.com alone is nearly 16 million unique visitors per month.

4.   Plaintiff John Cook ("Mr. Cook") is currently the Executive Editor for Investigations for Gawker Media and has worked as a reporter and editor for Gawker.com, off and on, since 2009.

5.   Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Gawker and Mr. Cook that are the subject of this action.

## FACTUAL BACKGROUND

6.   On March 20, 2013, Mr. Cook published a story stating that a hacker known as "Guccifer" claimed to have compromised the e-mail account of Sidney Blumenthal ("Mr. Blumenthal"), a former aide to former Secretary of State Hillary Clinton ("Secretary Clinton"). In the story, Mr. Cook revealed that Secretary Clinton had apparently been receiving e-mails from Mr. Blumenthal at a non-U.S. Government e-mail address, and raised questions about whether or not communications to and from that address were being archived pursuant to the Freedom of Information Act ("FOIA") and the Federal Records Act. At the time, Mr. Cook sought comment on that question from Secretary Clinton and from the White House; he received no response. *http://gawker.com/5991563 /hacked-emails-show-hillary-clinton-was-receiving-advice-at-a-private-email-account- from-banned-obama-hating-former-staffer#* (last accessed March 12, 2015).

7.   Nearly two years later, on March 2, 2015, the *New York Times* published an article revealing that Secretary Clinton had exclusively used a personal e-mail account to conduct U.S. Government business throughout her tenure as Secretary of State. The article revealed that, two months earlier, advisors to Secretary Clinton had turned over to State 55,000 pages of e-mails encompassing Secretary Clinton's tenure at State. *http://www.nytimes. com/2015/03/03/us/politics/hillary-clintons-use-of-private-email-at- state-department-raises-flags.html?hp&action=click&pgtype=Homepage&module=first- column-region&region=top-news&WT.nav=top-news&_r=0* (last accessed March 12,

2015).

8.   On March 3, 2015, Gawker.com published an article identifying Secretary

Clinton's private e-mail address as HDR22@ClintonEmail.com. *http://gawker.com/this-*

*is-hillary-clinton-s-secret-email-hdr22-clintonem-1689178736* (last accessed March 12,

2015). That same day, Gawker published a separate article citing a source who claimed

that Secretary Clinton's "top staffers had used those Clinton email addresses" during their

time working at State. The source identified two particular staffers, former Deputy

Assistant Secretary of State Philippe Reines ("Assistant Secretary Reines") and former

Deputy Chief of Staff Huma Abedin, as having used those "Clinton email addresses" in

the course of their official duties at State. Gawker was able to independently verify that

former Deputy Chief of Staff Huma Abedin did in fact use a ClintonEmail.com address at

some point in time during her service at State. Secretary Clinton's spokesman, Nick

Merrill ("Mr. Merrill"), denied that Assistant Secretary Reines had ever been given or

used a ClintonEmail.com address. *http://gawker.com/source-top-clinton-aides-used-*

*secret-email-accounts-at-1689246408* (last accessed March 12, 2015).

9.   On March 4, 2015, Gawker.com published an additional article detailing an e-mail

thread reflecting a discussion between Assistant Secretary Reines and several reporters,

including Gawker's reporter J.K. Trotter, regarding the issue of his alleged use of a

personal e-mail while working at State. In the e-mail thread, Assistant Secretary Reines

similarly denied that he had been given a ClintonEmail.com address. However, Assistant

Secretary Reines did not deny that he had his own personal e-mail account or that there

might have been circumstances in which he used a non-U.S. Government e-mail account

in the course of his job at State. *http://gawker.com/so-philippe-reines-sent-us-an-email-*

*1689406566* (last accessed March 12, 2015).

10. On March 10, 2015, Secretary Clinton gave public remarks and answered questions regarding her use of a personal e-mail address while serving as Secretary of State. Following those public remarks, aides to Secretary Clinton released a 9-page statement addressing several legal and policy questions surrounding Secretary Clinton's use of a personal e-mail address in the course of her official duties as Secretary of State. In the 9-page statement, it was confirmed that the HDR22@ClintonEmail.com account contained 62,320 sent and received e-mails that encompassed the entirety of her tenure as Secretary of State. It was also confirmed that Secretary Clinton's personal lawyers had reviewed the 62,320 e-mails and identified 30,490 e-mails that should be turned over to State as potentially qualifying as Federal records. The remaining e-mails were identified as private, personal e-mails that were not federal records and were intentionally destroyed. *http://www.politico.com/magazine/story /2015/03/hillary-clinton-press-conference-115958.html#. VQGZhOayaUl* (last accessed March 12, 2015); *http:// talkingpointsmemo.com/livewire/ hillary-clinton-email-explainer-document* (last accessed March 12, 2015).

11. On March 11, 2015, Fox News reported that it had not been able to receive any confirmation from Mr. Merrill regarding whether Secretary Clinton had signed Optional Form 109, "Separation Statement", at the conclusion of her tenure as Secretary of State. Paragraph 2 of the Separation Statement states the following: "I have surrendered to responsible officials all unclassified documents and papers relating to the official business of the Government acquired by me while in the employ of the Department or USIA." *http://www.washingtonexaminer.com/article/2561407* (last accessed March 12,

2015). It is also not known whether Assistant Secretary Reines signed a Separation

Statement prior to his departure from State.

12. Based on the facts known thus far the developing story appears to be that the use

of personal e-mails by Secretary Clinton and members of her senior staff may have been a

deliberate attempt to shield communications from capture by governmental systems and

the public's eye, for reasons yet unknown.

### FIRST CAUSE OF ACTION

13. By letter dated September 24, 2012, Gawker and Mr. Cook submitted a FOIA

request to State for all e-mail communications between Assistant Secretary Reines and

reporters from a list of 34 different media outlets. Mr. Cook noted that as a journalist

working for Gawker, he qualified as a representative of the news media and requested a

waiver of fees associated with the time spent to review responsive documents. He further

indicated that he was willing to pay up to $100 for any applicable fees. Last, he requested

that responsive records be produced in electronic format.

14.  By letter dated July 16, 2013, State acknowledged receipt of the FOIA request

and assigned it tracking number F-2012-36691. State noted that, based on the subject

matter of the request, it had determined that the record systems most likely to maintain

responsive records were the Executive Secretariat and the Bureau of Public Affairs. State

indicated that after a "thorough search" of those systems "conducted by professional

employees familiar with their contents and organization", no responsive records were

located.

15. By letter dated August 8, 2013, Heather Dietrick ("Ms. Dietrick"), Counsel for Gawker, timely submitted to State an administrative appeal on behalf of Gawker and Mr. Cook. In the appeal, Ms. Dietrick disputed the adequacy of State's search, noting that Assistant Secretary Reines served as Secretary Clinton's senior advisor and personal spokesperson throughout her tenure at State. Furthermore, Ms. Dietrick provided State with specific evidence that communications existed between Assistant Secretary Reines and at least one of the organizations Mr. Cook had identified in his FOIA request, namely *Buzzfeed*. Ms. Dietrick provided State with a *Buzzfeed* news article, dated September 24, 2012, detailing e-mail communications between Assistant Secretary Reines and the since-deceased *Buzzfeed* reporter Michael Hastings.

16. By letter dated March 5, 2014, State notified Gawker and Mr. Cook that it was remanding the FOIA request for additional searches.

17.  As twenty working days have elapsed without a substantive response from State regarding the aforementioned additional searches, Gawker and Mr. Cook have therefore constructively exhausted all required administrative remedies.

18. Gawker and Mr. Cook have a legal right under the FOIA to obtain the information they seek, and there is no legal basis for the denial by State of said right.

WHEREFORE, plaintiffs Gawker Media, LLC and John Cook pray that this Court:

(1) Orders the defendant to disclose the requested records in their entirety and make copies promptly available to them;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   March 13, 2015

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs