IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAWKER MEDIA, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 15-00363-KBJ |
| ) | |
| DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT STATUS REPORT**

Plaintiff Gawker Media, LLC, *et al.* ("Plaintiffs") and Defendant United States Department of State ("Defendant"), by and through undersigned counsel, respectfully submit the following Joint Status Report. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and involves a request for agency records memorializing e-mail communications between former Deputy Assistant Secretary of State Philippe Reines and representatives of the news media. On July 28, 2015, the Department of State received 20 boxes of documents from Mr. Reines. Pursuant to the Court's June 26, 2015 Minute Order, the parties conferred about a joint proposed schedule for production of non-exempt portions of responsive records. In light of this conversation, the parties have agreed to submit separate statements with their respective positions.

**Plaintiffs' Statement**

The plaintiffs, Gawker Media, LLC, and John Cook (collectively referred to as "Plaintiffs"), respectfully request that this Court take the following action:

(a)   Order the defendant, Department of State ("State"), to produce within two weeks a sworn affidavit from an appropriate official(s) describing the process by which State began and finally concluded its processing of relevant documents, the number of staffers involved in that process, and an estimated date upon which State can begin rolling production of responsive records;

(b)   Order State to produce within two weeks a sworn affidavit from an appropriate official(s) providing the details on whether former Deputy Assistant Secretary of State Philippe Reines ("Mr. Reines") signed an Optional Form 109 Separation Statement prior to departing State, at what point Mr. Reines was asked to turn over any work-related e-mails still in his possession, under what circumstances those e-mails were compiled and turned over, and whether Mr. Reines had sought and/or been authorized to use a non-Government e-mail address for work-related purposes during his tenure at State;

(c)   Order State to produce within three weeks a sworn affidavit from Mr. Reines identifying the specific non-U.S. Government e-mail addresses he used for U.S. Government work-related purposes, detailing the methods he employed to ensure he appropriately identified all U.S. Government-related e-mails stored under these private e-mail accounts, and certifying that he has turned over all of the U.S. Government-related e-mails he located under his private e-mail accounts; and

(d)   Within two weeks of the production of all of the aforementioned sworn affidavits, convene a status conference for the purpose of determining an appropriate schedule for rolling production of responsive records and eventual motion practice.

The Plaintiffs believe these steps are necessary and appropriate, even at this early stage in the litigation, in order to avoid protracted and disjointed legal disputes throughout the course of

the ultimate briefing schedule. The appropriateness of the actions by Mr. Reines in particular – as well as the action or inaction by State – are legitimate subjects of concern in the context of this litigation. The FOIA request serving as the basis for this litigation was filed almost three years ago. State issued an initial "no records responsive" denial in July 2013, which was later remanded back for additional searches in March 2014. This litigation itself was initiated in March 2015. Throughout the entirety of that time, there is no indication that State had ever sought to recover any relevant e-mails from Mr. Reines, to say nothing of the fact that it is unclear on what legal basis Mr. Reines still retained exclusive control over those e-mails in the first place years after his departure from State.

The Plaintiffs respectfully request that this Court utilize the full breadth of its inherent discretionary authority to ensure that the sanctity of the judicial process in general and the FOIA process in particular does not suffer from further disruptions with respect to the e-mail practices previously employed by former Secretary of State Hillary Clinton ("Secretary Clinton") and at least some of her aides. Similar use of the judiciary's authority has been utilized at least twice in other FOIA cases currently addressing similar e-mail production from Secretary Clinton and/or her aides, namely by U.S. District Court Judges Richard Leon and Emmet Sullivan, respectively. http://www.politico.com/story/2015/07/judge-explodes-over-hillary-email-delays-120804.html (Judge Leon's case, ordering State to provide written answers to questions)(last accessed August 3, 2015); http://www.politico.com//blogs/under-the-radar/2015/08/judge-wants-clinton-to-certify-shes-turned-over-some-211652.html (Judge Sullivan's case, requiring sworn statements addressing use of private e-mail accounts)(last accessed August 3, 2015).

Respectfully, delaying this issue until the parties have commenced filing competing dispositive motions does little beyond elevate form over function. The Plaintiffs by and large are

not seeking sworn affidavits that directly implicate the merits of the Government's eventual motion for summary judgment. Rather, the Plaintiffs seek to gain clarification regarding why – several years after the original FOIA request was submitted and mere days before the parties were set to file this present Status Report – approximately 20 boxes of e-mails have suddenly emerged regarding which State apparently had not been aware, to say nothing of being documents which had not previously been encompassed by State's searches for responsive records. This Court retains the authority to seek that clarification and to ensure that there will be no further disruptions of this proceeding.

      This is not an ordinary FOIA case and this Court, notwithstanding the commentary by the Government, is not obligated to sit on its proverbial hands. This suit directly implicates an apparently deliberate effort – whether lawful or not, whether in accordance with policy or not – by a senior U.S. Government official to maintain U.S. Government-related e-mails on private e-mail accounts residing on private e-mail servers. Mr. Reines, for reasons which the Plaintiffs believe should be explored as a preliminary matter, apparently did not hand over those e-mails at the point in which he left Government service. Those actions directly undermined the core processes by which Federal agencies such as State are supposed to process FOIA requests and should not be summarily swept under the rug.

**Defendant's Statement**

      As instructed by the Court, Defendant completed its initial process of gathering records potentially responsive to Plaintiffs' FOIA request.  But immediate, time-consuming deadlines in other FOIA cases have prevented the Department of State from conducting an initial review of these records prior to today's deadline.  *See* Decl. of John F. Hackett at ¶ 10, *Assoc. Press v. U.S. Dep't of State*, No. 15-00345 (D.D.C.), ECF No. 11-1 ("Since October 2014, the Department has

received approximately 16,517 new requests and is currently engaged in 86 FOIA litigation cases, many of which involve court ordered document production schedules."). For example, Department of State personnel have spent considerable time over the past several weeks responding to orders issued in *Assoc. Press v. U.S. Dep't of State*, No. 15-00345 (D.D.C.), and *Leopold v. U.S. Dep't of State*, No. 15-00123 (D.D.C.). Although the Department of State has committed personnel and resources to finish its initial review of the gathered documents, it will require a modest amount of additional time to propose a reasonable production schedule. Accordingly, Defendant seeks leave from the Court to file a status report in ten days to propose a schedule for producing non-exempt, responsive records from the assembled repository. Defendant apologizes for any inconvenience this unforeseen delay may cause the Court and Plaintiff.

Moreover, the Department of State received 20 boxes of documents from Mr. Reines on Tuesday, July 28, 2015, that likely contain potentially responsive materials. In providing these documents to the Department of State, Mr. Reines' counsel explained that they likely contain personal as well as federal records. Before a reasonable timetable can be established for the production of non-exempt portions of any responsive records from this universe of materials, Defendant will have to complete two undertakings. To begin, Defendant must conduct a five step scanning process to convert the documents into an electronic format. *See* Decl. of John F. Hackett at ¶ 15, *Leopold v. U.S. Dep't of State*, No. 15-00123 (D.D.C.), ECF No. 12. Once the scanning process has been completed, Defendant must appraise the contents of the boxes to determine the approximate volume and types of potentially responsive records. The Department of State estimates that it will require six weeks to complete the scanning process and its preliminary review of the records. The Department of State simply cannot estimate, with any

degree of certainty, the amount of time it will take to search this collection of documents for responsive records and process any such records until it has a better sense of the volume of federal records contained in these boxes.

Plaintiffs wrongly ask the Court to compel the Department of State to provide discovery in the form of affidavits addressing its ongoing efforts to respond to Plaintiffs' FOIA request. The District Courts grant discovery only rarely in FOIA cases once the agency has finished responding to a FOIA request, making Plaintiffs' demand in a status report particularly improper and premature. *See, e.g.*, *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate."). In the extraordinary circumstances where discovery has been ordered in FOIA cases, it has normally occurred only *after* the defendant submitted declarations in support of summary judgment, including regarding the adequacy of the search, and the plaintiff either demonstrated the inadequacy of the declarations or established that the government submitted them in bad faith. *See Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). By contrast, Plaintiffs ask for sworn affidavits from government and non-government personnel before Defendant has suggested a production schedule, let alone provided a final response and moved for summary judgment. Rather than seeking discovery in a status report, Plaintiff should present any objections it may have concerning the government's efforts to respond to the FOIA request when it opposes Defendant's motion for summary judgment and, at that time, cross-move for discovery. *See Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993) (finding that "[g]enerally, FOIA cases should be handled on motions for summary judgment"

and rejecting plaintiff's "early attempt" to litigate discovery).  Defendant, therefore, opposes Plaintiffs' improper and premature request for discovery in this FOIA matter.

Other factors further illustrate the inappropriateness of Plaintiffs' specific demands.  First, Plaintiffs ask for an affidavit within two weeks addressing, among other things, an estimated date that Defendant will commence rolling productions of non-exempt, responsive records.  But Defendant has agreed to propose within ten days a schedule for producing non-exempt, responsive records from the assembled repository.  Second, Plaintiffs ask for an affidavit discussing the circumstances surrounding Mr. Reines' provision to the State Department of his work-related email, but those circumstances have no bearing on the setting of a production schedule for the processing of records responsive to Plaintiffs' FOIA request.  The Department of State only received these documents on July 28, 2015, and as explained above, it needs approximately six weeks to scan the documents and complete its initial review.  Third, Plaintiffs request an affidavit from Mr. Reines, the *former* Deputy Assistant Secretary of State.  The Department of State cannot require Mr. Reines, a private citizen, to sign a sworn affidavit.

Finally, Plaintiffs' request for a court order is inappropriate because such a discovery demand must be made by written motion that states "with particularity the grounds for seeking the order."  *See* Fed. R. Civ. P. 7(b).  Indeed, this Court's local rules require a moving party to provide a statement of specific points of law and authority, as well as afford the opposing party an opportunity to file a written opposition.  *See* Local R. 7(a), (b).  Even if the Court believes that the issues raised by Plaintiffs should be addressed before Defendant completes its response to the FOIA request, Plaintiffs should be required to submit a proper motion and Defendant should be allowed enough time to file an appropriate answer.

In sum, Defendant respectfully proposes the following:

1.By August 13, 2015, Defendant will file a status report proposing a schedule for the production of non-exempt, responsive records from its initial search for potentially responsive materials.

2.By September 14, 2015, the parties will submit to the Court a joint status report with a proposed production schedule for the non-exempt, responsive records located in the 20 boxes recently received from Mr. Reines.

Respectfully submitted,

FOR PLAINTIFFS:

*/s/ Bradley Moss*
BRADLEY P. MOSS
MARK S. ZAID
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
Tel: (202) 454-2809
Fax: (202) 330-5610
E-mail: Brad@MarkZaid.com
         Mark@MarkZaid.com

Counsel for Plaintiffs

FOR DEFENDANT:

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

VINCENT H. COHEN, JR.
Acting United States Attorney

MARCIA BERMAN
Assistant Director

*/s/ Stephen M. Elliott*
LISA A. OLSON
STEPHEN M. ELLIOTT

                        Trial Attorney
                        U.S. Department of Justice
                        Civil Division, Federal Programs Branch
                        20 Mass. Ave., N.W., Room 7318
                        Washington, D.C. 20530
                        Tel: (202) 305-8177
                        Fax: (202) 616-8470
                        E-mail: stephen.elliott@usdoj.gov

                        Counsel for Defendant

Date: August 3, 2015