IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAWKER MEDIA, LLC, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 15-00363-KBJ |
| DEPARTMENT OF STATE, | ) |
| Defendant. | ) |

## STATUS REPORT

Defendant Department of State (the "Department"), by and through undersigned counsel, respectfully submits the following status report. As of August 3, 2015, the Department completed its initial efforts of gathering records in its possession, custody, and control that are potentially responsive to Plaintiffs' Freedom of Information Act ("FOIA") request. But because of immediate, time-consuming deadlines in other FOIA cases, the Department asked the Court for a modest extension of ten days to submit a proposed schedule to produce non-exempt, responsive records from its initial search for potentially responsive materials. The Court granted the Department's request, instructing it to file a status report with a proposed schedule related to its initial search by August 13, 2015. Accordingly, the Department submits the following proposed schedule.

The Department has conducted its preliminary review of the potentially responsive electronic documents in its possession, custody, and control from Mr. Reines' state.gov email account (as opposed to records it received from his personal email account). The assemblage comprises approximately 5.5 gigabytes of data containing 81,159 emails of varying length.

Based on a review of a portion of these emails, the Department estimates that 22% of the 81,159 emails may be responsive. Therefore, the Department believes that it will need to conduct a line-by-line review of an estimated 17,855 emails for applicable FOIA exemptions. Moreover, some of the responsive records may need to be referred to other agencies for consultation or processing.

The Department assesses that it will be able to produce the first set of non-exempt, responsive records by September 30, 2015. The Department will continue to release non-exempt, responsive records every 30 days until completion. At this time, however, the large volume of potentially responsive materials from the initial cache make it difficult and premature to predict when the Department will complete its production of non-exempt, responsive records in its possession, custody, and control. The Department is willing to negotiate with Plaintiff to narrow the scope of its request in order to facilitate more targeted searches and thus be in a position to reasonably estimate a final date for completion.

The above proposed schedule does not address the 20 boxes of documents received by the Department from Mr. Reines on Tuesday, July 28, 2015, discussed in the Department's August 3 status report. On August 6, 2015, the Department received the same documents in an electronic format. The Department had already begun, and had made considerable progress in, preliminarily reviewing and preparing to scan the 20 boxes of records at the time the electronic format records were received. Completing the process that was underway before the electronic records arrived likely remains the fastest way of estimating the volume of potentially responsive records within the 20 boxes by the September 8, 2015 status conference. The Department is assessing whether the electronic version of the documents can be utilized in this case to identify responsive records. *See Assoc. Press v. U.S. Dep't of State*, No. 1:15-cv-00345-RJL (D.D.C.), ECF

No. 11-1, Decl. of John F. Hackett, at ¶ 14 (explaining that the document review platform that the Department uses to process FOIA requests cannot ingest most forms of electronic data, and as a result, most potentially responsive documents must first be printed and then scanned into the system).

In the interim, as instructed by the Court, the Department continues the process of preliminarily reviewing and preparing to scan the 20 boxes of records it received from Mr. Reines in the time leading up to the status conference on September 8, 2015.  After conducting an initial assessment of the contents of the 20 boxes, the Department has learned that a large subset of the materials consists of press clippings assembled by the Department on a daily basis and forwarded to Mr. Reines' personal email account.  The emails forwarding these press clippings are not responsive to Plaintiff's FOIA request because they do not constitute communications between Mr. Reines and representatives of the news media.  Accordingly, the Department is identifying and setting aside these unresponsive records to focus its efforts on scanning the remaining potentially responsive records and preliminarily reviewing them in preparation for the September 8, 2015 status conference.  This approach should enable the Department to be in a position to estimate the volume of responsive records within this compilation in order to propose a production schedule at the September 8, 2015 status conference.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        VINCENT H. COHEN, JR.
        Acting United States Attorney

        MARCIA BERMAN
        Assistant Director

|  |  |
|---|---|
|  | */s/ Stephen M. Elliott*<br>LISA A. OLSON<br>STEPHEN M. ELLIOTT<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Mass. Ave., N.W., Room 7318<br>Washington, D.C. 20530<br>Tel: (202) 305-8177<br>Fax: (202) 616-8470<br>E-mail: stephen.elliott@usdoj.gov |
| Date: August 13, 2015 | Counsel for Defendant |