# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                              )

GAWKER MEDIA, LLC, *et al.*,    )

         )

      Plaintiffs,      )

         )

v.                    )      Civil Action No. 15-00363-KBJ

         )

DEPARTMENT OF STATE,    )

         )

      Defendant.     )
_____ )

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFFS' MOTION TO COMPEL

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

STEPHEN M. ELLIOTT (PA Bar# 203986)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7318
Washington, D.C. 20530
Tel: (202) 305-8177
Email: stephen.elliott@usdoj.gov

*Counsel for Defendant*

## <u>TABLE OF CONTENTS</u>

**PAGE**

INTRODUCTION ........................................................................................................................1

BACKGROUND ........................................................................................................................2

ARGUMENT ............................................................................................................................4

I.      Plaintiffs' Requests for Discovery are Premature................................................5

II.     Plaintiffs Request Information that is Not Discoverable ......................................8

        A.      Plaintiffs' Request for an Affidavit from a State Official Does
                Not Seek Information Relevant to this FOIA Case ...................................9

        B.      Plaintiffs' Request for an Affidavit from Mr. Reines Does Not
                Seek Information Relevant to this FOIA Case .......................................11

III.    Orders Issued in Other Cases Do Not Weigh in Favor of Plaintiffs'
        Requested Discovery in this Case......................................................................13

CONCLUSION........................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**<u>CASES</u>**                                                                     **<u>PAGE(S)</u>**

*Am. Electric Power Co., Inc. v. Connecticut,*
   131 S. Ct. 2527  (2011) ........................................................................... 13

*Ames v. Dep't of Homeland Sec.,*
   --- F. Supp. 3d ---- , 2015 WL 5854045 (D.D.C. Oct. 5, 2015) ................................ 8

*Carney v. United States Dep't of Justice,*
   19 F.3d 807 (2d Cir.1994) ........................................................................ 5

*Competitive Enter. Inst. v. Envtl. Prot. Agency,*
   12 F. Supp. 3d 100 (D.D.C. 2014) ............................................................... 12

*Competitive Enter. Inst. v. Office of Science & Tech. Policy,*
   82 F. Supp. 3d 228 (D.D.C. 2015) ................................................................ 9

*Competitive Enter. Inst. v. Nat'l Aeronautics and Space Admin.,*
   989 F. Supp. 2d 74 (D.D.C. 2013) ............................................................... 10

*Food Lion, Inc. v. United Food and Commercial Works Int'l Union,*
   103 F.3d 1007 (D.C. Cir. 1997) ............................................................... 8, 9

*Francis v. Fed. Housing Finance Agency,*
   --- F. Supp. ---- , 2015 WL 5776095 (D.D.C. Sept. 30, 2015) ............................... 9, 12

*Gagnon v. FBI,*
   2014 WL 6805027 (D.D.C. Dec. 3, 2014) ....................................................... 6, 7

*Goland v. CIA,*
   607 F.2d 339 (D.C. Cir. 1978) ................................................................... 6

*Judicial Watch, Inc. v. Exp.-Imp. Bank,*
   108 F. Supp. 2d 19 (D.D.C. 2000) ................................................................ 5

*Justice v. IRS,*
   798 F. Supp. 2d 43 (D.D.C. 2011) ............................................................ 5, 6, 7

*Kissinger v. Reporters Comm. for Freedom of the Press,*
   445 U.S. 136 (1980) ......................................................................... *passim*

*Miscavige v. I.R.S.,*
   2 F.3d 366 (11th Cir. 1993) ..................................................................... 7

*Ocasio v. Dep't of Justice*,
  67 F. Supp. 3d 438 (D.D.C. 2014) .......................................................................................... 6

*Riccardi v. Dep't of Justice*,
  32 F. Supp. 3d 59 (D.D.C. 2014) ............................................................................................ 5

*Schrecker v. U.S. Dep't of Justice*,
  217 F. Supp. 2d 29 (D.D.C. 2002) .......................................................................................... 5

*Voinche v. FBI*,
  412 F. Supp. 2d 60 (D.D.C. 2006) .......................................................................................... 6

*Wheeler v. CIA*,
  271 F. Supp. 2d 132 (D.D.C. 2003) ........................................................................................ 5

## <u>STATUTE</u>

5 U.S.C. § 552 ...................................................................................................................................... 1

## <u>FEDERAL RULES OF CIVIL PROCEDURE</u>

Fed. R. Civ. P. 5(b)(2)(E) .................................................................................................................... 1
Fed. R. Civ. P. 6(a)(1)(C) .................................................................................................................... 1
Fed. R. Civ. P. 6(d) .............................................................................................................................. 1
Fed. R. Civ. P. 26(b)(1) ....................................................................................................................... 8
Fed. R. Civ. P. 26(b)(2)(C) ................................................................................................................ 10
Fed. R. Civ. P. 56(d) ............................................................................................................................ 7

## INTRODUCTION

Defendant United States Department of State ("State"), by and through undersigned counsel, opposes the motion to compel discovery filed by Plaintiff Gawker Media, LLC, *et al.* ("Plaintiffs").[1]  This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and involves a request for email communications between former Deputy Assistant Secretary of State for Strategic Communications Philippe Reines and representatives of thirty-four news media outlets.  Following its ordinary practice in FOIA cases, State collected potentially responsive documents, and it is currently reviewing these records for responsiveness and applicable FOIA exemptions.  State has committed to processing 4,800 pages per month in an effort to move this litigation forward as quickly as possible, and to date, State has already released 1,192 responsive records.  Now, in its motion to compel discovery, Plaintiffs ask State to divert its limited and extremely taxed resources to producing affidavits.  The Court should deny Plaintiffs' counterproductive discovery demands.

Plaintiffs' motion for discovery is procedurally premature and substantively improper.  As this Court has repeatedly acknowledged, discovery in FOIA cases is seldom granted, especially prior to the submission of motions for summary judgment and without, as in this case,

---

[1]  On December 6, 2015, Plaintiffs filed a "notice of concession," alleging that State failed to timely oppose their motion to compel.  *See* ECF No. 25.  Plaintiffs' allegation is incorrect.  This Court's Local Rules afford State 14 days after "the date of service" to oppose Plaintiffs' motion.  *See* LcvR 7(b).  But the Federal Rules of Civil Procedure provide that "when a party may or must act within a specified time after service and service is made under Rule [5(b)(2)(E) "by electronic means"], 3 days are added after the period would otherwise expire[.]"  Fed. R. Civ. P. 6(d).  This provision is applicable because Plaintiffs effectuated service of their motion "by electronic means" using the Electronic Case Filing system on November 18, 2015.  Fed. R. Civ. P. 5(b)(2)(E).  Therefore, the Local Rules, read in conjunction with the Federal Rules of Civil Procedure, require State to oppose Plaintiffs' motion by Saturday, December 5, 2015.  Because the deadline fell on a weekend, State has timely filed its opposition to Plaintiffs' motion today, December 7, 2015.  Fed. R. Civ. P. 6(a)(1)(C).  Should the Court disagree with how State calculated the date by which it had to oppose Plaintiffs' motion to compel, State respectfully asks the Court to grant a *nunc pro tunc* extension to allow it to submit this opposition.

a demonstration that the defendant agency acted in bad faith in the manner it responded to a

FOIA request.  Once State submits its motion for summary judgment, Plaintiffs may seek

discovery if they find State's explanation of its search efforts inadequate.  But even if the Court

entertains the merits of the discovery requests, the motion is improper because Plaintiffs do not

seek information that is relevant to this FOIA litigation.  The relevant inquiry in this case

regarding State's search for responsive records—like in all FOIA cases—is whether State

conducted a reasonable search of those records in its possession, custody, and control.  In

contrast, Plaintiffs ask for information about how Mr. Reines retained and assembled emails in

his personal email account outside of State's control, as well as information regarding whether

Mr. Reines improperly used his personal account.  Such information has absolutely no bearing

on whether State conducted a reasonable search of those records actually in its possession.  The

Court should reject Plaintiffs' attempt to divert these proceedings away from the normal FOIA

process by requiring State to provide the requested affidavits.

## **BACKGROUND**

This FOIA action involves a request for email communications between former Deputy

Assistant Secretary of State for Strategic Communications Philippe Reines and reporters working

for thirty-four newspapers, websites, magazines, and news organizations.  The request did not

specifically identify the journalists working for the thirty-four media outlets.  As a senior

spokesperson, Mr. Reines' responsibilities with State included speaking to members of the news

media.  Thus, the scope of Plaintiffs' request encompasses a large volume of information.

Shortly after the start of these proceedings, the parties submitted a joint production

schedule proposing, among other things, that State complete the process of gathering records

potentially responsive to Plaintiffs' FOIA request by August 3, 2015.  *See* ECF No. 11.

Independent of this case and in furtherance of its Federal Records Act obligations, on March 11, 2015, State asked Mr. Reines to provide any federal records in his possession from his tenure at State, including emails sent to or from a personal email account that were not otherwise contained in State's recordkeeping system. *See* Ex. A (March 11, 2015 Letter). In response to that letter, on July 28, 2015, Mr. Reines provided 20 boxes of potential federal records consisting of approximately 16,000 pages from his personal email account. *See* Joint Status Report, ECF No. 13. In transmitting those documents, representatives for Mr. Reines noted that Mr. Reines' production to State was over inclusive in that he erred on the side of caution by providing many non-federal record emails. *See* Ex. B (July 28, 2015 Letter). Once State examined these records, it determined that a large portion of the emails consist of news clippings that are not responsive to Plaintiffs' request. *See* Status Report, ECF No. 14. In addition to these 20 boxes, State identified approximately 81,000 potentially responsive emails from Mr. Reines' state.gov email account. *Id*.

State agreed to make rolling, monthly releases of non-exempt records responsive to Plaintiffs' FOIA request. *See* Status Report, ECF No. 14. To that end, State released 59 documents consisting of 71 pages on September 30, 2015. On October 30, 2015, State released 371 documents consisting of 439 pages. At the October 23, 2015 status conference, State reported that beginning in November 2015, it would process 4,800 pages per month, and every month it will release responsive, non-exempt information from the processed pages.[2] State

---

[2] State emphasized at the status conference that it could commit to processing such a large number of pages—4,800 pages every month—in this specific case because of the nature of the responsive records. Due to the fact that the request is for communications between Mr. Reines and members of the media, responsive records are unlikely to contain inter- or intra-agency deliberative material exempt from disclosure or to implicate sensitive foreign policy considerations at issue in other cases. Thus, State expects to be able to review and process the documents in this case at a much quicker pace than other cases.

processed at least 4,800 pages in the month of November, and on November 30, 2015, State

released 762 responsive records, totaling more than 1,100 pages, from the processed pages.

Overall, State has already released 1,192 responsive records.

Plaintiffs initially asked the Court to order State to provide multiple affidavits in the joint

status report filed on August 3, 2015.  *See* ECF No. 13.  At the status conference held on October

23, 2015, Plaintiffs reiterated their request, at which time the Court instructed Plaintiffs to file a

motion if they wanted the Court's intervention.  On November 18, 2015, Plaintiffs filed the

instant motion asking the Court to compel State to provide two affidavits.  Plaintiffs' first

demand requests an affidavit from an unnamed State official addressing:

- "[W]hether former Deputy Assistant Secretary of State Philippe Reines . . . signed an Optional Form 109 Separation Statement prior to departing State,

- "[A]t what point Mr. Reines was asked to turn over any work-related emails still in his possession, and

- "[W]hether Mr. Reines had sought and/or been authorized in writing to use a non-Government email address for work-related purposes during his tenure at State[.]"

Plaintiffs' second demand asks State to request that Mr. Reines provide an affidavit:

- "[I]dentifying the specific non-U.S. Government email addresses he used for U.S. Government work-related purposes,

- "[D]etailing the methods he employed (and individuals with whom he coordinated and/or consulted) to ensure he appropriately identified all U.S. Government-related emails stored under these private email accounts, and

- "[C]ertifying that he has turned over all of the U.S. Government-related emails he located under his private email accounts."

## **ARGUMENT**

Plaintiffs' discovery requests are both procedurally premature and substantively

meritless.  First, as this Court has consistently cautioned, discovery is disfavored in FOIA cases,

especially when, as here, the plaintiff has not demonstrated that the defendant has acted in bad

faith in responding to the FOIA request.  And regardless, such requests should only be entertained once the defendant agency has filed its motion for summary judgment and supporting declarations.  Second, Plaintiffs have not demonstrated and cannot demonstrate that the requested information is relevant to this FOIA litigation, as required by the Federal Rules of Civil Procedure.  Plaintiffs' discovery demands seek irrelevant information that does not have any bearing on the adequacy of State's efforts to search for records in its possession, custody, and control—all that it is required to do under FOIA.  Although some members of this Court have required State to provide or request declarations in similar cases, Plaintiffs' discovery demands far exceed the scope of the information ordered by the other judges.  For these reasons, as discussed in greater depth below, the Court should deny Plaintiffs' motion.

## I.    Plaintiffs' Requests for Discovery are Premature

As this Court has recognized, "[d]iscovery in FOIA cases is rare."  *Riccardi v. Dep't of Justice*, 32 F. Supp. 3d 59, 61 n.2 (D.D.C. 2014) (KBJ); *see also, e.g.*, *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate."); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) ("In FOIA actions, however, discovery is disfavored.").  Even when this Court has entertained a discovery request, it has done so only *after* the defendant agency moved for summary judgment and submitted its supporting declarations.  *See Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) *aff'd*, 349 F.3d 657 (D.C. Cir. 2003); *accord Riccardi*, 32 F. Supp. 3d at 61 n.2.  Indeed, in the rare instance when there is discovery in a FOIA case, it generally occurs only after the plaintiff has established the inadequacy of the agency's declaration or otherwise demonstrated that summary judgment should be denied.  *See, e.g.*, *Carney v. United States Dep't*

*of Justice*, 19 F.3d 807, 812 (2d Cir.1994) (contemplating discovery when the plaintiff "impugn[s] the agency's affidavits or declarations, or provide[s] some tangible evidence that an exemption claimed by [State] should not apply or summary judgment is otherwise inappropriate." (citing *Goland v. CIA*, 607 F.2d 339, 355 (D.C. Cir. 1978)). And the moving party is not entitled to discovery unless it makes "a sufficient showing that the agency acted in bad faith" when responding to the FOIA request. *Justice*, 798 F. Supp. 2d at 47 (citing *Voinche v. FBI*, 412 F. Supp. 2d 60, 72 (D.D.C. 2006)); *accord Gagnon v. FBI*, 2014 WL 6805027, *1 (D.D.C. Dec. 3, 2014) (KBJ); *Ocasio v. Dep't of Justice*, 67 F. Supp. 3d 438 (D.D.C. 2014).

Here, Plaintiffs' motion to compel discovery is premature and unwarranted. *See* Pls.' Mot. at 1. Plaintiffs ask for sworn affidavits from Mr. Reines and an "appropriate" State official before State has completed processing the responsive records, let alone moved for summary judgment. Discovery would be particularly unproductive because it would disrupt the agreed upon schedule by diverting resources away from the processing of responsive records, which is presumably the ultimate goal of this litigation. And Plaintiffs make no meaningful attempt to establish that State acted in bad faith in the manner it has searched for and processed the responsive materials, a requirement that they do not even mention. State's commitment to process a very generous 4,800 pages every month militates against such a finding.[3] *See generally* Pls.' Mot. 1–10. In any event, it is difficult to see how Plaintiffs could attempt to demonstrate bad faith without first assessing State's motion for summary judgment and the

---

[3] Plaintiffs suggest, without any analysis of the laws and regulations that were in effect at the time, that Mr. Reines, in using his personal email account for work-related purposes, may have acted improperly. *See* Pls.' Mot. at 8–9. But Plaintiffs do not explicitly attempt to establish that Department itself acted in bad faith in the manner it has attempted to respond to Plaintiffs' FOIA request.

explanation of its search in the supporting declaration.[4]  Plaintiffs should present any objections they may have concerning the government's efforts to respond to the FOIA request when they oppose State's motion for summary judgment and, at that time, cross-move for discovery under Federal Rule of Civil Procedure 56(d).  *See Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993) (finding that "[g]enerally, FOIA cases should be handled on motions for summary judgment" and rejecting plaintiff's "early attempt" to litigate discovery); *see also Gagnon*, 2014 WL 6805027, *1 (denying discovery motion in a FOIA case because it was "at best premature").

Plaintiffs argue that they cannot wait until after State moves for summary judgment to seek discovery under the normal FOIA rubric because the affidavits seek information about the "ongoing saga surrounding the use of private email accounts by former Secretary of State Hillary Clinton . . . and several of her aides" that may be relevant to the upcoming presidential election. Pls.' Mot. at 6.  Plaintiffs' argument shows the disconnect between their discovery request and their FOIA request.  As discussed in more detail below, although the use of personal email accounts by former Secretary Clinton and her aides may be of interest to the public, the information requested by Plaintiffs in their motion to compel is not relevant to this FOIA case and the (premature) issue of whether State's search for records responsive to Plaintiffs' FOIA request was adequate.

Moreover, to the extent that Plaintiffs will have to wait years before challenging the adequacy of State's search in the normal course, that is a direct result of Plaintiffs' own expansive FOIA request.  Plaintiffs' request is extraordinarily broad, seeking all

---

[4]  To the extent Plaintiffs suggest that Defendant waited too long to ask Mr. Reines for any federal records in his possession, State has no legal obligation under FOIA to seek or produce records outside of its possession, custody, and control.  *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152, 154–55 (1980).  Thus, the time State took to obtain these records from Mr. Reines cannot evidence any bad faith on the part of State in responding to Plaintiffs' FOIA request—the relevant bad faith inquiry.  *See Justice*, 798 F. Supp. 2d at 47.

communications, on any subject matter, between State's former spokesperson—whose job it was to talk to the media—and any journalist working for thirty-four enumerated media outlets, over four years.  The amount of time it will take State to finish processing Plaintiffs' request is a direct function of the breadth of the request itself and Plaintiffs' refusal to narrow it.  State has identified some 81,000 potentially responsive emails from Mr. Reines' state.gov email account and a large number of additional records from the 20 boxes of materials Mr. Reines provided State from his personal email account.  State's agreement to process 4,800 pages a month for this case is the most it can do to accelerate the timeframe given its limited, strained resources.

Plaintiffs have not put forth a valid basis for why this Court should depart from the normal, well-established FOIA litigation process, and thus, Plaintiffs' discovery demands should be denied.

## II.     Plaintiffs Request Information that is Not Discoverable

Plaintiffs seek affidavits setting forth information that is irrelevant to this FOIA litigation. *See* Pls.' Mot. at 1.  The Federal Rules of Civil Procedure provide that a party may seek discovery "regarding any non[-]privileged matter that is relevant to any party's claim or defense[.]"[5]  Fed. R. Civ. P. 26(b)(1).  Although the Court should broadly construe "relevance" for discovery purposes, "the relevance standard of Rule 26 is not without bite[.]"  *Food Lion, Inc. v. United Food and Commercial Works Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997). Indeed, the relevance standard in discovery "is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."  *Ames v. Dep't of Homeland Sec.*, --- F. Supp.

---

[5]  Changes to Federal Rule of Civil Procedure 26(b)(1) went into effect on December 1, 2015. But the operative language regarding "relevant" discovery has not been altered.

3d ---- , 2015 WL 5854045, *4 (D.D.C. Oct. 5, 2015) (quoting *Food Lion, Inc.*, 103 F.3d at

1013–14).  The information requested by Plaintiffs is simply not relevant to this case.

     A.     **Plaintiffs' Request for an Affidavit from a State Official Does Not Seek Information Relevant to this FOIA Case**

State has an obligation under FOIA to search the materials in its possession, custody, and

control at the time a FOIA request is made for documents responsive to that request.  *See*

*Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152, 154–55 (1980).

Conversely, State does not have an obligation to search materials outside of its possession,

custody, and control at the time of the request, such as records retained by a private citizen in a

personal email account.  *See id.*; *see also Competitive Enter. Inst. v. Office of Science & Tech.*

*Policy*, 82 F. Supp. 3d 228, 233–34 (D.D.C. 2015) (appeal pending) (concluding that an

employee's personal email account was not under the control of the defendant agency); *Francis*

*v. Fed. Housing Finance Agency*, --- F. Supp. ---- , 2015 WL 5776095, *4–5 (D.D.C. Sept. 30,

2015) (KBJ) ("[T]he FOIA only extends to records that an agency controls at the time of the

request[.]").  The FOIA does not require an agency to obtain additional records, but rather only

addresses the disclosure of records that the agency possesses or controls.  *See Kissinger*, 445

U.S. at 151–52.  Thus, discovery requests seeking information about how or why documents

outside of State's possession were created or retained are not relevant in FOIA litigation.

Plaintiffs' request for an affidavit from a State official seeks precisely this type of

irrelevant information.  *See* Pls.' Mot. at 1.  Plaintiffs do not ask for information about how State

searched the records in its possession, which, while unnecessary and premature, could at least

potentially be relevant.  *Id.*  Instead, Plaintiffs seek information about whether Mr. Reines had

authorization to use a private email account outside of State's control, as well as whether he

affirmed that he returned government records from such an account upon leaving State by

signing the Optional Form 109. *See* Pls.' Mot. at 1, 9. The propriety of and details about Mr.

Reines' use of his private email account have no bearing on whether State properly conducted a

search of the materials actually in its control. State only had an obligation to conduct a

reasonable search of the materials in its possession, and thus, the Court should not entertain

Plaintiffs' discovery demands for information about those documents under Mr. Reines' control

and not State's control.[6]

      Plaintiffs also demand information about when "Mr. Reines was asked to turn over any

work-related emails still in his possession." Pls.' Mot. at 1. Although that information is

likewise irrelevant to Plaintiffs' FOIA request, State voluntarily provided Plaintiffs a copy of a

letter, dated March 11, 2015, from State to Mr. Reines asking him to provide to State all federal

records in his possession from his tenure at State, satisfying this inquiry. *See* Ex. A. Thus, this

aspect of Plaintiffs' request is moot. *See also* Fed. R. Civ. P. 26(b)(2)(C) (providing that

discovery can be limited if it "can be obtained from some other source that is more convenient,

less burdensome, or less expensive").

      At bottom, Plaintiffs ask the Court to transform this FOIA litigation into a claim that Mr.

Reines and State violated the Federal Records Act. *See* Pls.' Mot. at 8. The Supreme Court has

explained that FOIA litigation addresses whether a government agency properly disclosed

---

[6] Governmental agencies lack the ability or authority to access employees' email accounts held on nongovernment email servers. *See Competitive Enter. Inst. v. Nat'l Aeronautics and Space Admin.*, 989 F. Supp. 2d 74, 86 (D.D.C. 2013) (holding that a NASA employee's emails held on a university account were not accessible by the agency). The National Archives and Records Administration ("NARA") instructs that "agency employees should not generally use personal email accounts to conduct official agency business," but that if they do, they "must ensure that all Federal records sent or received on personal email systems are captured and managed in accordance with agency recordkeeping practices." NARA Bulletin 2013-03, September 9, 2013, *available at* http://www.archives.gov/records-mgmt/bulletins/2013/2013-03.html. These directions reflect the fact that agencies lack control over records sent or received on personal email systems.

agency records "for which they have chosen to retain possession or control." *Kissinger*, 445

U.S. at 151–52. FOIA does not obligate an agency to create, retain, or retrieve records outside of

its control; it only requires the agency to disclose responsive records in its possession. *Id.*

Indeed, FOIA does not "displace the statutory scheme embodied in the Federal Records Act and

the Federal Records Disposal Act," which provide for the proper preservation, creation, and

disposal of federal records. *Id.* Thus, Plaintiffs should not be permitted to seek discovery about

whether Mr. Reines or State properly retained Mr. Reines' emails under the guise of this FOIA

case.[7]

### B. Plaintiffs' Request for an Affidavit from Mr. Reines Does Not Seek Information Relevant to this FOIA Case

Plaintiffs' request for an affidavit from Mr. Reines seeks non-discoverable information.

*See* Pls.' Mot. at 1. Plaintiffs take the untenable position that State should ask Mr. Reines to

provide an affidavit addressing how he assembled the potential federal records in his personal

email account. *Id.* As explained above, information about how Mr. Reines assembled any

potential federal records outside of State's possession and control is not relevant to this litigation.

State only has an obligation to search for and produce those materials in its possession and

control, and therefore, it is irrelevant how Mr. Reines assembled records that were not in State's

possession and control.[8] Although State has *voluntarily* agreed to search the materials Mr.

---

[7] Plaintiffs argue that they are seeking clarification about whether Mr. Reines "complied with [his] obligations under FOIA." Pls.' Mot. at 8. Again, it appears that Plaintiffs are conflating FOIA with the Federal Records Act. Mr. Reines, like every government employee, had an obligation to preserve federal records under the Federal Records Act. While Mr. Reines did not have an obligation *under* FOIA to retain records, State has an obligation under FOIA to search the records in its possession, custody, and control for responsive material.

[8] Nor do Plaintiffs provide any evidence suggesting that Mr. Reines failed to provide to State all of the federal records, or potential federal records, in his possession and control, let alone that he failed to provide any federal records responsive to Plaintiffs' FOIA request.

Reines provided from his personal email account for records responsive to Plaintiffs' FOIA request, it has no legal obligation to do so because those records were outside of its possession and control when Plaintiffs submitted their FOIA request. *See Francis*, 2015 WL 5776095, *4–5 (recognizing that "the FOIA only extends to records that an agency controls at the time of the request"). Therefore, Plaintiffs' request should be denied.

Plaintiffs also take the unsupportable position that Mr. Reines, a former State Department employee, private citizen, and non-party to this case, should voluntarily disclose his personal email address or addresses. *See* Pls.' Mot. at 1. Plaintiffs provide no explanation for why this private information is relevant to how State conducted its search of the records in its possession. In fact, the personal email accounts of agency personnel are precisely the type of personal information protected from disclosure under FOIA Exemption 6. *See, e.g.*, *Competitive Enter. Inst. v. Envtl. Prot. Agency*, 12 F. Supp. 3d 100, 122 (D.D.C. 2014) (declining to order the disclosure of personal email addresses of agency employees because "there is no public interest in knowing, for example, whether EPA employees used Hotmail or Yahoo for their personal email correspondence"). The Court should reject this request.

Presumably based on Judge Sullivan's July 31, 2015 Minute Order in another case, Plaintiffs also seek an order requiring State to ask Mr. Reines to certify that he has provided all government records from his personal email account. *See* Pls.' Mot. at 1; *see also* Minute Order, *Judicial Watch v. Dep't of State*, Civil No. 13-1363 (D.D.C. July 31, 2015). Beyond the fact that State cannot require a private citizen and non-party to take any action, Plaintiffs' request is unnecessary. As previously represented to Plaintiffs, Mr. Reines' counsel has already confirmed that Mr. Reines provided State all potential federal records in his possession from his private email account. *See* Ex. C (August 6, 2015 Letter); *see also* Pls.' Notice of New Information &

12

Ex. 2, ECF Nos. 16, 16-2 (Aug. 26, 2015) (email from undersigned counsel stating that "Mr.

Reines' private attorney has instructed Mr. Reines not to delete any copies of potential federal

records in his possession"). Consequently, this request is not only inappropriate for all of the

reasons set forth above, it is moot.

### III.   Orders Issued in Other Cases Do Not Weigh in Favor of Plaintiffs' Requested Discovery in this Case

Largely citing news articles, Plaintiffs wrongly assert that this Court should order

discovery because two other judges have instructed State to provide or request declarations in

similar cases. *See* Pls.' Mot. at 7. For starters, this Court is not bound by the decisions of other

district court judges. *See Am. Electric Power Co., Inc. v. Connecticut*, 131 S. Ct. 2527, 2540

(2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render

precedential decisions binding other judges, even members of the same court."). And Plaintiffs

fail to identify at least one instance in which a judge in this district did not permit a comparable

discovery request. *See* Scheduling Order, *Judicial Watch v. U.S. Dep't of State*, Civil No. 15-

688 (D.D.C. July 9, 2015) (entering scheduling order and not ordering discovery that was

requested in a joint status report).

In any event, Plaintiffs request information that exceeds the scope of the information

ordered disclosed in the other cases to which Plaintiffs point. Plaintiffs seek information from

Mr. Reines about *how* he assembled the potential federal records in his possession, whereas

Judge Sullivan only required that former Secretary Clinton and two other former officials certify

that they "produced all responsive information that was or is in their possession"—something

that Mr. Reines has already effectively done, as noted above. *Compare* Pls.' Mot. at 1, *with*

Minute Order, *Judicial Watch v. Dep't of State*, Civil No. 13-1363 (D.D.C. July 31, 2015).

Similarly, Judge Leon instructed State to provide a declaration about the resources dedicated to

processing FOIA requests, and its efforts to process responsive documents in its possession.  *See* Decl. of John Hackett, *Associated Press v. Dep't of State*, 15-345 (D.D.C.), ECF No. 11-1. Plaintiffs, in contrast, seek information from State about a former official's use of a personal email account and records outside of State's possession, custody, and control.  *See* Pls.'  Mot. 1. Far from being the norm, Plaintiffs' requests surpass any order previously entered by a member of this Court.

**<u>CONCLUSION</u>**

For the reasons addressed herein, the Court should dismiss Plaintiffs' motion to compel discovery.

Dated:  December 7, 2015                      Respectfully submitted,

                                              BENJAMIN C. MIZER
                                              Principal Deputy Assistant Attorney General

                                              MARCIA BERMAN
                                              Assistant Branch Director

                                              */s/ Stephen M. Elliott*
                                              STEPHEN M. ELLIOTT (PA Bar# 203986)
                                              Trial Attorney
                                              U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Mass. Ave., N.W., Room 7318
                                              Washington, D.C. 20530
                                              Tel: (202) 305-8177   Fax: (202) 616-8470
                                              Email: stephen.elliott@usdoj.gov

                                              *Counsel for Defendant*

14