**TABLE OF CONTENTS**

ARGUMENT .................................................................................................................... 2

I. DISCOVERY IS PERMISSIBLE AND WARRANTED ............................................. 2

    A.  Discovery Is Permissible In FOIA Litigation ............................................ 2

    B.  Discovery Is Justified In The Present Case ............................................... 3

II. THE INFORMATION SOUGHT BY GAWKER IS RELEVANT AND DISCOVERABLE .......................................................................................................... 7

    A.  Gawker's Request Does Not Seek Information That Is Duplicative Or That Can Be Obtained From Another Source That Is More Convenient, Less Burdensome, Or Less Expensive ..................................................................................................... 8

    B.  Gawker Has No Other Viable Opportunities By Which The Information Contained In The Requested Affidavit Could Be Obtained ............................................... 9

    C.  The Benefit Derived From The Information Sought By Gawker Far Outweighs The Burden Or Expense That Will Be Incurred By State Or Mr. Reines ...................... 9

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Burka v. Dep't of Health and Human Servs., 87 F.3d 508 (D.C. Cir. 1996) ...................... 6

Campbell v. Dep't of Justice, 164 F.3d 20 (D.C. Cir. 1998) ......................................... 3, 6

Competitive Enter. Inst. v. Office of Sci. & Tech. Policy, 827 F.3d 145
(D.C. Cir. 2016) ............................................................................................................... 6

Food Lion v. United Food & Consumer. Workers Int'l Union, 103 F.3d 1007
(D.C. Cir. 1997) ............................................................................................................... 7

Hall v. CIA, 881 F. Supp. 2d 38 (D.D.C. 2012) ................................................................ 2

Jefferson v. Dep't of Justice, 168 F. App'x 448 (D.C. Cir. 2005) ..................................... 3

Judicial Watch v. Dep't of State, 2016 U.S. Dist. LEXIS 62283 (D.D.C. May 4, 2016)... 8

Landmark Legal Found. v. EPA, 959 F. Supp. 2d 175 (D.D.C. 2013) ........................... 3, 5

Lybarger v. Cardwell, 577 F.2d 764 (1st Cir. 1978) .......................................................... 9

Nat'l Sec. Counselors v. CIA, 960 F. Supp. 2d 101 (D.D.C. 2013) ................................. 10

Ocasio v. Dep't of Justice, 67 F. Supp. 3d 438 (D.D.C. 2014) .......................................... 3

Oglesby v. Dep't of the Army, 920 F.2d 57 (D.C. Cir. 1990) ............................................ 3

Osage Tribe of Indians v. United States, 84 Fed. Cl. 495 (Fed. Cl. 2008) ........................ 8

Payne Enters, Inc. v. United States, 837 F.2d 486 (D.C. Cir. 1988) ............................ 9, 10

Pham v. United States, 317 F.3d 178 (2d Cir. 2003) ......................................................... 2

Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1 (1974) .................................. 9

Renegotiation Bd. v. Grumman Aircraft Engineering Corp., 421 U.S. 168 (1975) ........... 2

Schaffer v. Kissinger, 505 F.2d 389 (D.C. Cir. 1974) ....................................................... 2

Scudder v. CIA, 25 F. Supp. 3d 19 (D.D.C. 2014) ...................................................... 2, 10

Tax Analysts v. IRS, 214 F.3d 179 (D.C. Cir. 2000) ......................................................... 2

Truitt v. Dep't of State, 897 F.2d 540 (D.C. Cir. 1990) ..................................................... 3

Voinche v. FBI, 412 F. Supp. 2d 60 (D.D.C. 2006) ............................................................ 3

Wadelton v. Dep't of State, 106 F. Supp. 3d 139 (D.D.C. 2015) ........................................ 5

Weisberg v. Dep't of Justice, 745 F.2d 1476 (D.C. Cir. 1984) ........................................... 3

**Rules**

Fed. R. Civ. P. 26(b)(1) .............................................................................................................. 7

Fed. R. Civ. P. 26(b)(2)(C) ........................................................................................................ 7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GAWKER MEDIA, LLC, <u>et al.</u>, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 15-363 (KBJ) |
| DEPARTMENT OF STATE | * | |
| Defendant. | * | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR DISCOVERY

NOW COME the Plaintiffs Gawker Media, LLC, and John Cook (hereinafter referred to jointly as "Gawker") to respectfully move this Court for an Order compelling Philippe Reines ("Mr. Reines") to produce a sworn affidavit addressing the following:

1) identifying the specific non-U.S. Government e-mail addresses he used for U.S. Government ("USG") work-related purposes, and the particular ones he ultimately searched for potential agency records;

2) detailing the methods he employed (and individuals with whom he coordinated and/or consulted) to ensure he appropriately identified all USG-related e-mails stored under these private e-mail accounts; and

3) certifying that he has turned over all of the USG-related e-mails he located under his private e-mail accounts.

<u>See</u> Rule 56(d) Declaration of Bradley P. Moss, Esq. at ¶7 (dated March 24, 2017)("Moss Decl."), attached as Exhibit "1".

This Court should grant Gawker's Cross-Motion for Discovery ("Motion").[1]

---

[1] Consistent with the parties' statement in their Joint Status Report, filed on December 19, 2016, Dkt. No. 39, Gawker respectfully requests that this Court stay the pending briefing schedule with respect to State's motion for summary judgment until this Court has adjudicated Gawker's cross-motion for discovery.

**ARGUMENT**

**I. DISCOVERY IS PERMISSIBLE AND WARRANTED**

    **A. Discovery Is Permissible In FOIA Litigation**

Although not common, discovery has been authorized in FOIA litigation. See e.g. Renegotiation Bd. v. Grumman Aircraft Engineering Corp., 421 U.S. 168, 181 (1975)(plaintiff permitted to depose agency official regarding whether documents at issue were final agency opinions); Tax Analysts v. IRS, 214 F.3d 179, 185 (D.C. Cir. 2000) (discovery necessary to develop factual record); Schaffer v. Kissinger, 505 F.2d 389, 391 (D.C. Cir. 1974)(reversing and remanding district court's summary judgment with instructions that plaintiffs be permitted to undertake discovery relating to whether records in question had been "properly classified").

In FOIA cases, courts typically will rely upon agency affidavits to resolve factual disputes. See Hall v. CIA, 881 F. Supp. 2d 38, 73 (D.D.C. 2012). "Thus, while FOIA cases generally turn on application of law to undisputed material facts set out in agency affidavits, courts may occasionally confront contested questions of fact that must be answered first." Scudder v. CIA, 25 F. Supp. 3d 19, 31 (D.D.C. 2014)(internal citation omitted). A court has a wide variety of options to resolve factual disputes, "from expansion of the record by means of affidavits and other written submission or through discovery [and] fullblown hearings with live testimony by the movant and other witnesses." Scudder, 25 F. Supp. 3d at 51, quoting Pham v. United States, 317 F.3d 178, 185 (2d Cir. 2003)(Sotomayor, J., concurring).

The courts have not outlined an exhaustive list of circumstances in which discovery is permissible in a FOIA case. While the most common justification is evidence of bad faith by the agency, see Landmark Legal Found. v. EPA, 959 F. Supp. 2d 175, 184 (D.D.C. 2013), courts have also indicated that discovery can be warranted to inquire further into the nature of an agency's search, see Ocasio v. Dep't of Justice, 67 F. Supp. 3d 438, 440 (D.D.C. 2014), and that evidence of bad faith is merely "an exception" to the rule, not the *only* exception. See Voinche v. FBI, 412 F. Supp. 2d 60, 72 (D.D.C. 2006).

### B. Discovery Is Justified In The Present Case

"[A]n agency responding to a FOIA request must conduct a search reasonably calculated to uncover all relevant documents, and, if challenged, must demonstrate beyond material doubt that the search was reasonable." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990); see also Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)("[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*."). A search must be conducted in good faith using methods that are likely to produce the information requested. See Campbell v. Dep't of Justice, 164 F.3d 20, 27 (D.C. Cir. 1998). "While there is no requirement that an agency search every record system, the agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." Jefferson v. Dep't of Justice, 168 F. App'x 448, 450 (D.C. Cir. 2005)(internal quotation and alteration omitted), quoting Oglesby v. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Agency affidavits, for their part, must set forth search terms and the type of searches performed. Oglesby, 920 F.2d at 68.

In its Motion for Summary Judgment, see Dkt. No. 41-2 at *6-*7, State provided virtually no context as to the bases upon which it has concluded that the actions by Mr. Reines in turning over 20 boxes of potential agency records, in and of itself, satisfied the agency's obligations under FOIA. State has declined to provide this Court with any information on the methodology employed by Mr. Reines in locating and collecting the particular records he turned over, including particular e-mail addresses searched, search terms utilized, and devices searched.

The only relevant and material information State has provided consists of two boilerplate pieces of correspondence: the letter sent by State, dated March 11, 2015, requesting that Mr. Reines produce all agency records still in his possession, and the letter sent by Mr. Reines' personal counsel, dated July 28, 2015, indicating that Mr. Reines had produced the records he had located and that were requested by State. Dkt. No. 41-1, Exhibit "21" (letter from State to Mr. Reines); Dkt. No. 41-1, Exhibit "22" (letter from Mr. Reines' personal counsel to State). Neither State's request for production from Mr. Reines, nor the letter from Mr. Reines personal counsel indicating records had been provided, outlined the methodology by which Mr. Reines was required to (let alone did) search for, collect and ultimately designate as agency records the 20 boxes of materials he turned over. The only thing Mr. Reines' personal counsel stated was that Mr. Reines had been "over-inclusive" in the review and production of materials, without providing even a scintilla of detail regarding what that meant exactly. Dkt. No. 41-1, Exhibit "22"; Moss Decl. at ¶¶5-6.

State did provide a declaration from Eric Stein ("Stein Declaration"), the Acting Co-Director of the Office of Information Programs and Services. See Dkt. No. 41-1 (filed January 31, 2017). However, the Stein Declaration's description of the search methodology used by the agency to review the materials provided by Mr. Reines does not resolve the prior discrepancy, namely the means by which the records were themselves identified, collected and produced by Mr. Reines in the first place. Unlike the details provided in the Stein Declaration about how State determined which agency offices to search, what search terms were used, what devices were searched and what timeframes were applied in locating and collecting responsive records originally in the agency's possession, see id. at ¶¶26-36, the Stein Declaration does not provide any similar detail with respect to the 20 boxes' worth of materials that Mr. Reines turned over to State. Moss Decl. at ¶¶5-6.

State's refusal to provide these details raise legitimate questions about the good faith manner in which it sought to fulfill its legal obligations under FOIA. See Landmark Legal Found., 959 F. Supp. 2d at 183-84 (authorizing limited discovery to resolve disputed factual circumstances surrounding use of personal e-mail by Government officials and whether agency failed to properly search for responsive records retained by certain Government officials). The questions raised by Gawker, see Moss Decl. at ¶¶5-7, simply must be addressed in order to ensure that it is able to sufficiently present its opposition to State's contention that there is no genuine issue of material fact in dispute regarding the legal adequacy of State's searches for responsive records. See Wadelton v. Dep't of State, 106 F. Supp. 3d 139, 146-47 (D.D.C. 2015)(denying summary judgment due to unresolved questions regarding why State only searched files of certain officials

and not others); see also Campbell, 164 F.3d at 28 (rejecting agency argument that "weight of authority" justified refusing to supplement central database search when evidence indicated responsive records might be located in other systems). Gawker cannot present that opposition without the information it is seeking from Mr. Reines via a sworn affidavit.

   This is not a minor technical matter. The D.C. Circuit has already at least once rejected the premise that a government official may place their work-related records beyond the reach of FOIA merely by using a private e-mail account in order to conduct official government business. See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy, 827 F.3d 145, 149-50 (D.C. Cir. 2016); see also Burka v. Dep't of Health and Human Servs., 87 F.3d 508, 515 (D.C. Cir. 1996)(concluding that agency was required to search and disclose records under its "constructive control", even if records were not actually on agency's premises).[2] The D.C. Circuit was clear in its analysis in Competitive Enter. Inst. that to construe FOIA in such a cramped and narrow manner would be incompatible with the purpose of FOIA itself, namely its function as serving "the citizens' right to be informed about what their government is up to." See id. 827 F.3d at 150. Consistent with that analysis, this Court should reject the premise that an agency's obligations under FOIA to conduct a legally adequate search can be held hostage by the otherwise-unreviewable whims of a former government employee as to which agency records stored on non-government e-mail accounts shall be turned over to the agency for proper archiving (and, ultimately, production through FOIA).

---

[2] An agency employee's communications on non-agency accounts may constitute "agency records." See Wright v. Admin. For Children & Families, 2016 U.S. Dist. LEXIS 140314, *25 (D.D.C. Oct. 11, 2016).

and not others); see also Campbell, 164 F.3d at 28 (rejecting agency argument that "weight of authority" justified refusing to supplement central database search when evidence indicated responsive records might be located in other systems). Gawker cannot present that opposition without the information it is seeking from Mr. Reines via a sworn affidavit.

   This is not a minor technical matter. The D.C. Circuit has already at least once rejected the premise that a government official may place their work-related records beyond the reach of FOIA merely by using a private e-mail account in order to conduct official government business. See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy, 827 F.3d 145, 149-50 (D.C. Cir. 2016); see also Burka v. Dep't of Health and Human Servs., 87 F.3d 508, 515 (D.C. Cir. 1996)(concluding that agency was required to search and disclose records under its "constructive control", even if records were not actually on agency's premises).[2] The D.C. Circuit was clear in its analysis in Competitive Enter. Inst. that to construe FOIA in such a cramped and narrow manner would be incompatible with the purpose of FOIA itself, namely its function as serving "the citizens' right to be informed about what their government is up to." See id. 827 F.3d at 150. Consistent with that analysis, this Court should reject the premise that an agency's obligations under FOIA to conduct a legally adequate search can be held hostage by the otherwise-unreviewable whims of a former government employee as to which agency records stored on non-government e-mail accounts shall be turned over to the agency for proper archiving (and, ultimately, production through FOIA).

---

[2] An agency employee's communications on non-agency accounts may constitute "agency records." See Wright v. Admin. For Children & Families, 2016 U.S. Dist. LEXIS 140314, *25 (D.D.C. Oct. 11, 2016).

Until such time as the aforementioned questions are resolved, namely through the requested sworn affidavit, a ruling by this Court with respect to the pending summary judgment motion would be premature.

## II. THE INFORMATION SOUGHT BY GAWKER IS RELEVANT AND DISCOVERABLE

Generally speaking, Federal Rules of Civil Procedure ("FRCP") 26(b) authorizes discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. See Fed. R. Civ. P. 26(b)(1). Trial courts exercise considerable discretion in handling discovery matters, and a district court's decision to permit or deny discovery is reviewable only for an abuse of discretion. Food Lion v. United Food & Commer. Workers Int'l Union, 103 F.3d 1007, 1012 (D.C. Cir. 1997); see also id. (explaining that "relevance" is broadly construed and that the information sought "need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.").

> That discovery can, however, be limited if any of the following apply:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). In deciding either to compel or quash discovery, the court must balance potentially conflicting goals, avoiding depriving a party of discovery that is reasonably necessary while bearing mind that discovery has boundaries which come into

7

existence when the inquiry encroaches upon recognized domains of privilege. See Osage Tribe of Indians v. United States, 84 Fed. Cl. 495, 497 (Fed. Cl. 2008).

For the reasons outlined below, it would constitute an appropriate exercise of the Court's discretion to conclude Gawker has sufficiently demonstrated that the circumstances warrant requiring State to comply with Gawker's request.

### A. Gawker's Request Does Not Seek Information That Is Duplicative Or That Can Be Obtained From Another Source That Is More Convenient, Less Burdensome, Or Less Expensive

The information Gawker seeks does not – to the best of the undersigned's knowledge – exist in written form anywhere else. Outside of this FOIA litigation, and specifically for the purpose of resolving the disputed material facts, there is no other likely means by which the issues can be resolved.

Similar discovery-like burdens have been imposed upon State in other FOIA proceedings, specifically those that recently addressed the legal saga surrounding the use of private e-mail accounts by former Secretary of State Hillary Clinton ("Secretary Clinton") and some of her senior aides, such as Mr. Reines. See Judicial Watch v. Dep't of State, 2016 U.S. Dist. LEXIS 62283, *10 - *13 (D.D.C. May 4, 2016)(limited discovery permitted to clarify circumstances surrounding approval and operation of Secretary Clinton's private e-mail server for purposes of resolving if agency had sufficiently searched for responsive records); *https://www.judicialwatch.org/wp-content/uploads/2015/08/08-10-15-JW-v-State-Hillary-Declaration-01363.pdf* (copy of sworn declaration filed by Secretary Clinton at request of Judge Sullivan) (last accessed August 17, 2015).

This Court would be well within its discretion to do the same.

### B. Gawker Has No Other Viable Opportunities By Which The Information Contained In The Requested Affidavit Could Be Obtained

Gawker does not take lightly the decision to seek this type of discovery, particularly given the often-routine nature of FOIA litigation. The information sought from Mr. Reines would ensure, however, that this Court has sufficient information upon which to definitively adjudicate the extent to which State has met its legal obligations under FOIA in the context of a motion for summary judgment. Absent the requested information from Mr. Reines, this Court would be left to evaluate the legal sufficiency of State's actions in a vacuum, as if pretending to ignore the controversial and otherwise-unaccountable circumstances surrounding how 20 boxes' worth of potential agency records were identified, collected and provided to State by Mr. Reines for search purposes.

It would therefore be an appropriate exercise of this Court's discretion to permit limited discovery in this context.

### C. The Benefit Derived From The Information Sought By Gawker Far Outweighs The Burden Or Expense That Will Be Incurred By State Or Mr. Reines

The FOIA imposes no limits on courts' equitable powers in enforcing its terms. Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 19-20 (1974). "Courts have long recognized that there 'may very well be circumstances in which prolonged delay in making information available or unacceptably onerous opportunities for viewing disclosed information required judicial intervention.'" Payne Enters, Inc. v. United States, 837 F.2d 486, 491 (D.C. Cir. 1988), quoting Lybarger v. Cardwell, 577 F.2d 764, 767 (1st Cir. 1978). The D.C. Circuit, as well as district courts within this Circuit, have relied upon FOIA as a basis to exercise their equitable authority to take such significant steps as striking down agency practices, see e.g. Payne, 837 F.2d at 494 (mandating relief

9

for plaintiff whose FOIA requests were repeatedly obstructed by informal, unlawful policy to deny the requests); Nat'l Sec. Counselors v. CIA, 960 F. Supp. 2d 101, 148 (D.D.C. 2013)(striking down categorical policy to deny assignments of FOIA requests), and to determine if responsive records are "readily reproducible" in a specified format, see Scudder, 25 F. Supp. 3d at 49 (authorizing limited discovery to inquire into CIA's ability to produce electronic copies of responsive records).

Gawker is not presently asking this Court to order Mr. Reines to conduct additional searches for potentially responsive agency records that he maintains on private e-mail accounts but that which he has not previously turned over to State by way of the aforementioned 20 boxes' worth of records. Rather, in order to ensure the existence of sufficient factual information for purposes of resolving a motion for summary judgment, Gawker is merely seeking from Mr. Reines – in the form of a sworn affidavit – the very same type of information about how the records he turned over were identified and collected as State would have had to provide in its Stein Declaration if Mr. Reines had sent and received all of the relevant e-mails on his official State e-mail account from the outset (rather than on a private e-mail account).

As a matter of public policy, Gawker submits that this Court would be well within its discretionary equitable authority to conclude that imposing this requirement upon State (and Mr. Reines) is minimally invasive. Any "burden" incurred by State or Mr. Reines is easily outweighed by the benefit that would be derived from the information, particularly since the only burden is production of a mere sworn affidavit. Mr. Reines former supervisor, Secretary Clinton, has already produced a somewhat similar-type sworn affidavit in other recent FOIA litigation, and Gawker is seeking nothing more

burdensome than what Secretary Clinton was capable of doing in the midst of a grueling presidential campaign. Imposing this burden upon Mr. Reines should not be construed as impermissible.

## **CONCLUSION**

For the reasons detailed above, this Court should grant Gawker's Motion.

Date:   March 24, 2017

                    Respectfully submitted,

                    /s/
                _____
                Bradley P. Moss, Esq.
                D.C. Bar #975905
                Mark S. Zaid, Esq.
                D.C. Bar #440532
                Mark S. Zaid, P.C.
                1250 Connecticut Avenue, N.W.
                Suite 200
                Washington, D.C.  20036
                (202) 454-2809
                (202) 330-5610 fax
                Brad@markzaid.com
                Mark@markzaid.com

                ATTORNEYS FOR PLAINTIFFS